**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL PAUL McDANIELS,          :
a/k/a
MICHAEL PAUL McDANIEL,[1]        :
                                       Civil Action No. 08-3221 (SDW)
            Petitioner,          :

            v.                   :     **OPINION**

WARDEN POWER, et al.,            :

            Respondents.         :


**APPEARANCES:**

Petitioner pro se
Michael Paul McDaniels
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065


**WIGENTON**, District Judge

        Petitioner Michael Paul McDaniels, a prisoner currently

confined at East Jersey State Prison in Rahway, New Jersey, has

_____

        [1] In the caption of the Petition, Petitioner identifies
himself as "Michael Paul McDaniels."  In some of the attachments,
he identifies himself as "Michael Paul McDaniel."  In his filings
in this Court, Petitioner often identifies himself as "Michael
Paul McDaniel" rather than "Michael Paul McDaniels."  See, e.g.,
McDaniel v. New Jersey State Parole Board, Civil Action No. 07-
3205 (MLC); McDaniel v. Brown, Civil Action No. 05-4817 (AET);
McDaniel v. Sherrer, Civil Action No. 03-2861 (AET).  It is
apparent from Petitioner's Prisoner Number 408833 and SBI Number
201206C, that the "Michael Paul McDaniel" in those actions is the
same person as the "Michael Paul McDaniels" in this action.
Accordingly, the Clerk of the Court will be directed to amend the
docket to reflect both spellings of Petitioner's name.

submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[2] and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  The respondents are East Jersey State Prison, Warden Power, New Jersey State Parole Board, and John Doe Prison Officials.

Based on his affidavit of indigence, the Court will (1) grant Petitioner's application to proceed in forma pauperis and direct the Clerk of the Court to file the Petition.  Because it appears from a review of the Petition that the Petition is "second or successive," the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner asserts that, in 2001, he was convicted in the Superior Court of New Jersey, Ocean County, of two counts of robbery under two different indictments, 00-10-1252 and 00-09-1132.  Petitioner was sentenced on August 9, 2001, to concurrent ten-year terms of imprisonment.  Petitioner states that he has filed a previous § 2254 habeas proceeding challenging these convictions, see State v. McDaniel, Civil Action No. 05-4817

---

[2] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

2

(AET), 2006 WL 2331105 (D.N.J. 2006) (denying petition on the merits),[3] and a previous § 2254 habeas proceeding challenging the decision of the New Jersey State Parole Board, see McDaniel v. New Jersey State Parole Board, Civil Action No. 07-3205 (MLC), 2007 WL 3026888 (D.N.J. 2007) (dismissing petition for failure to exhaust state remedies).[4]  (Petition, § A, ¶ 9.)

In this Petition, Petitioner asserts the following grounds for relief: (1) the sentencing judge failed to consider mitigating factors; (2) the evidence was not sufficient to sustain a conviction for robbery, rather than theft, because Petitioner used no weapon, and the prosecutor failed to provide certain relevant information to Petitioner ; (3) the judge suffered from a conflict of interest, because he was a law partner to the prosecutor.[5]  (Petition, § B.)  In the factual

---

[3] Petitioner did not appeal or seek a certificate of appealability.  An earlier § 2254 habeas petition challenging these convictions had been dismissed without prejudice for failure to exhaust state remedies.  See McDaniel v. Sherrer, Civil Action No. 03-2861 (AET).

[4] This Court will take judicial notice of its own dockets in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

[5] Petitioner asserts that the judicial conflict-of-interest claim is not exhausted, because the information was not obtained until the judge retired in 2007.

3

background of the Petition, Petitioner refers to claims of unconstitutional conditions of confinement and to the Parole Board's denial of parole.  He does not, however, assert that any of these facts constitute grounds for relief.  This Court does not construe the Petition as attempting to assert any grounds for relief based upon these facts.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See

4

Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

United States Code Title 28, Section 2244(b)(3)(A), provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

### III. ANALYSIS

As noted above, this is Petitioner's second federal habeas petition challenging his 2001 convictions for robbery. This fact requires this Court to consider whether this Petition is "second or successive" and, thus, whether this Court lacks jurisdiction to entertain it in the absence of an Order from the Court of Appeals for the Third Circuit permitting its filing. See 28 U.S.C. § 2244(b).

Section 2244, a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides, in pertinent part:

5

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)  (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

...

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

...

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244(b).

6

Thus, Section 2244(b)(3) creates both procedural and substantive "gatekeeping" mechanisms for the consideration of "second or successive" habeas petitions.  See Felker v. Turpin, 518 U.S. 651, 657 (1996); In re Minarik, 166 F.3d 591, 599-600 (3d Cir. 1999).  However, the phrase "second or successive" is not defined.

Prior to the passage of AEDPA, federal courts "employed a collection of equitable principles known as the 'abuse of the writ' doctrine to determine when a petition would be deemed abusive and thus barred from consideration on its merits." Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005) (citing United States v. Roberson, 194 F.3d 408, 410 (3d Cir. 1999)). Under the pre-AEDPA abuse-of-the-writ doctrine, a "successive petition" raised grounds identical to those raised and rejected on the merits on a prior petition, and was barred.  See Sanders v. United States, 373 U.S. 1, 15-17 (1963).  An "abusive" petition was one which raised claims that were available but not asserted in a prior petition or one in which the prisoner had engaged in other conduct that disentitled him to relief. Kuhlmann v. Wilson, 477 U.S. 436, 445 n.6 (1986) (plurality opinion) (citing Sanders, 373 U.S. at 17).  See also McCleskey v. Zant, 499 U.S. 467 (1991).

The Court of Appeals for the Third Circuit has held that the gatekeeping provision of Section 2244 "replaced" the pre-AEDPA

abuse-of-the-writ doctrine, but the doctrine remains viable to interpret the meaning of "second or successive." Benchoff, 404 F.3d at 816-17. However, reference to the abuse-of-the-writ doctrine does not mean, in all circumstances, that a subsequent petition must be treated as a first petition unless it amounts to a pre-AEDPA abuse of the writ. See, e.g., Felker v. Turpin, 518 U.S. 651, 667 (1996) ("The Act also codifies some of the pre-existing limits on successive petitions, and further restricts the availability of relief to habeas petitioners."). If that were so, the substantive gatekeeping criteria of § 2244(b)(2) might never come into play.

Thus, a petition is not necessarily "second or successive" merely because it follows an earlier federal petition. For example, where a first petition was dismissed for failure to exhaust state remedies, a subsequent federal petition is not "second or successive." Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997). See also Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (Section 2244(b) does not bar subsequent petitions where initial petitions were dismissed "for technical or procedural deficiencies that the petitioner can cure before refiling"); Murray v. Greiner, 394 F.3d 78 (2d Cir. 2005) (same).

"If, however, a petition is resolved in a way that satisfies a petitioner's one 'full and fair opportunity to raise a [federal] collateral attack,' then it does count for purposes of

§ 2244(b)." Altman v. Benik, 337 F.3d at 766. Courts are in agreement that, where an initial federal petition has been denied on the merits, a subsequent petition attacking the same judgment is "second or successive" within the meaning of § 2244. See Luckett v. McDaniel, 213 F.3d 642 (9th Cir.) (unpubl.), cert. denied, 531 U.S. 891 (2000); In re Page, 170 F.3d 659 (7th Cir.), supplemented by, 179 F.3d 1024 (7th Cir. 1999), cert. denied, 528 U.S. 1162 (2000); Dunn v. Singletary, 168 F.3d 440 (11th Cir. 1999); Corraro v. United States, 152 F.3d 188, 191 (2d Cir. 1998); U.S. v. Salemo, 2006 WL 1409743 (E.D. Pa. 2006); Wilson v. York County Common Pleas Court, 2005 WL 1229719 (M.D. Pa. 2005); Leonard v. Dretke, 2004 WL 741286 (N.D. Tex.), report and recomm. adopted, 2004 WL 884578 (N.D. Tex. 2004); Paskins v. Carroll, 2002 WL 1268048 (D.Del. 2002).[6]

Here, Petitioner's previous federal habeas petition was denied on the merits. See McDaniel v. Brown, Civil Action No. 05-4817 (AET), 2006 WL 2331105 (D.N.J. 2006). Thus, this Petition is "second or successive" within the meaning of § 2244 and this Court lacks jurisdiction to entertain it, absent authorization from the Court of Appeals.

---

[6] Similarly, where a petition raises a claim that was or could have been raised in an earlier habeas petition decided on the merits, that claim clearly is "second or successive." Benchoff, 404 F.3d at 817 (citing McCleskey v. Zant, 499 U.S. 467, 493-95 (1991) and Wise v. Fulcomer, 958 F.2d 30, 34 (3d Cir. 1992)).

If a "second or successive" habeas petition is filed in the district court without authorization from the appropriate court of appeals, the district court may dismiss for lack of jurisdiction or transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631.  See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003). However, because § 2244(b) is effectively "'an allocation of subject-matter jurisdiction to the court of appeals,'" Robinson v. Johnson, 313 F.3d at 140 (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996)), a district court may dismiss such a petition only without prejudice.  See Ray v. Eyster, 132 F.3d 152, 155-56 (3d Cir. 1997).

Accordingly, this Court must determine whether transfer of this Petition to the Court of Appeals, for consideration as an application for leave to file a "second or successive" petition, would be in the interest of justice.  None of the claims asserted in this Petition arguably come within the substantive gatekeeping provisions of § 2244(b)(2).  Petitioner alleges in a conclusory manner that he did not discover until the trial judge's 2007 retirement that he was law partner to the prosecutor.  However, even if Petitioner could demonstrate judicial bias, he alleges nothing that would suggest that the facts underlying the claim of bias, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

10

that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Therefore, it does not appear that Petitioner can establish grounds for filing a "second or successive" petition.  See 28 U.S.C. 2244(b)(2).

Thus, it would not be in the interest of justice to transfer this Petition.  This Court will dismiss the petition for lack of jurisdiction rather than transfer it.  The dismissal will be without prejudice to Petitioner's filing an application under § 2244(b)(3) in the Court of Appeals.

IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

    Here, jurists of reason would not find it debatable whether this Petition is barred as a "second or successive" petition.  No certificate of appealability shall issue.

### V.   CONCLUSION

    For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.


                              /s/Susan D. Wigenton
                              United States District Judge

Dated: July 7, 2008

12